**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**SARA BODE KULLMAN** and
**JENNIFER SNYDER,**

                          **Plaintiffs,**                    **8:07-cv-716**
                                                             **(GLS/RFT)**

              **v.**

**STATE OF NEW YORK,**

                          **Defendant.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**FOR THE PLAINTIFFS:**
Office of Elmer R. Keach, III            ELMER R. KEACH, III, ESQ.
1040 Riverfront Center                   JESSICA M. GORMAN, ESQ.
P.O. Box 70
Amsterdam, NY 12010

**FOR THE DEFENDANT:**
HON. ERIC T. SCHNEIDERMAN               KELLY L. MUNKWITZ
New York State Attorney General         MICHAEL G. McCARTIN
The Capitol                             Assistant Attorney Generals
Albany, NY 12224

**Gary L. Sharpe**
**Chief Judge**

## <u>MEMORANDUM-DECISION AND ORDER</u>

### I.  <u>Introduction</u>

      Plaintiffs Sara Bode Kullman and Jennifer Snyder commenced this

action against the State of New York and multiple state employees,

alleging violations of statutory and constitutional rights resulting from gender discrimination and retaliation.  (Compl., Dkt. No. 1 ¶ 36-58.)  The parties and causes of action were narrowed by multiple motions for summary judgment, and Kullman and Snyder's remaining claims—hostile work environment and retaliation—proceeded to a jury tiral.  (Dkt. Nos. 191, 257.)  Prior to trial, Kullman and Snyder argued that New York had destroyed or failed to preserve evidence, and requested that the jury be charged with an adverse inference instruction to that effect.  (*See* Dkt. No. 233.)  While initially reserving judgment on plaintiffs' motion *in limine*, the court ultimately declined to provide such an instruction, and the jury found in New York's favor as to all three claims.  (Dkt. No. 257.)  Pending is Kullman and Snyder's motion for a new trial pursuant to Fed. R. Civ. P. 59. (Dkt. No. 262.)  For the reasons that follow, the motion is denied.

## II.  Discussion

Kullman and Snyder argue that the court's failure to provide the jury with an adverse inference instruction resulted in a miscarriage of justice which entitles them to a new trial.  (*See* Dkt. No. 262, Attach. 2 at 7.)  The State counters that a new trial is not warranted because Kullman and Snyder failed to show spoliation of evidence.  (*See* Dkt. No. 267 at 3.)  The

court agrees with the State.

Under Fed. R. Civ. P. 59(a)(1)(A), a new trial may be granted "for any reason for which a new trial has heretofore been granted in an action at law in federal court." The Second Circuit has clarified this standard to allow for a new trial where "the jury has reached a seriously erroneous result or . . . the verdict is a miscarriage of justice." *Pescatore v. Pan Am. World Airways, Inc.*, 97 F.3d 1, 17 (2d Cir. 1996) (internal quotation marks and citation omitted). The trial court "is free to weigh the evidence [itself], and need not view it in the light most favorable to the verdict winner." *Manley v. AmBase Corp.*, 337 F.3d 237, 244-45 (2d Cir. 2003) (internal quotation marks and citation omitted).

"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999). A party seeking an adverse inference instruction based on spoliation must show that: (1) a duty to preserve the evidence existed at the time it was destroyed; (2) the evidence was "destroyed with a culpable state of mind;" and (3) the "evidence was relevant to the party's claim or defense such that a reasonable trier of fact

3

could find that it would support that claim or defense." *Twitty v. Salius*, No. 11-448, 2012 WL 147913, at *1 (2d Cir. Jan. 19, 2012) (internal quotation marks and citation omitted).

Because its analysis renders moot the first two prongs, the court need only address the issue of relevance. The crux of Kullman and Snyder's spoliation argument is that, despite regulatory and common law obligations requiring it to preserve evidence, the State permitted relevant electronic documents to be destroyed. (*See generally* Dkt. No. 262, Attach. 2.) The fatal flaw of this claim, however, is Kullman and Snyder's inability to adduce evidence suggesting the existence, let alone destruction, of relevant documents. *See Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 109 (2d Cir. 2002) (holding that "the party seeking an adverse inference must adduce sufficient evidence from which a reasonable trier of fact could infer that the destroyed [or unavailable] evidence would have been of the nature alleged" (internal quotation marks and citation omitted)). In light of their inability to point to any specific documents which were destroyed or not preserved, Kullman and Snyder argue instead that "[i]t would require a leap of the imagination to think that the character of the destroyed electronic evidence would have

4

been anything but that of the electronic evidence that was produced [at trial], which was largely supportive of Plaintiffs' claims." (Dkt. No. 262, Attach. 2 at 6.)  Kullman and Snyder fail to identify the trial documents upon which this argument is anchored, and their insistence that similar relevant evidence was destroyed or not preserved was not borne out through trial testimony.  Such unsupported conjecture and speculation do not justify the issuance of an adverse inference instruction.  *See Residential*, 306 F.3d at 109.

In an effort to establish relevance by alternative means, Kullman and Snyder argue further that the State's alleged destruction or lack of preservation of evidence was executed in bad faith.  (Dkt. No. 262, Attach. 2 at 6-7.)  While a finding of intentional destruction could "support an inference that the evidence would have been unfavorable" to the State, the record is devoid of proof supporting a determination of bad faith.  *Kronisch v. United States*, 150 F.3d 112, 126 (2d Cir. 1998).  Because Kullman and Snyder failed to adduce evidence supporting their theory that the State destroyed or failed to preserve documents relevant to their claims, both the court's declination to provide an adverse inference instruction and the jury's verdict were proper.  Accordingly, Kullman and Snyder did not suffer

a miscarriage of justice, and their motion for a new trial is denied.

## III.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Kullman and Snyder's motion for a new trial (Dkt. No. 262) is **DENIED**; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

April 4, 2012
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court

6