UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**SARA BODE KULLMAN** and
**JENNIFER SNYDER,**

                Plaintiffs,              8:07-cv-716
                                                        (GLS/RFT)

        v.

**STATE OF NEW YORK,**

                Defendant.
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFFS:** | |
| Office of Elmer R. Keach, III | ELMER R. KEACH, III, ESQ. |
| 1040 Riverfront Center | JESSICA M. GORMAN, ESQ. |
| P.O. Box 70 | |
| Amsterdam, NY 12010 | |
| | |
| **FOR THE DEFENDANT:** | |
| HON. ERIC T. SCHNEIDERMAN | KELLY L. MUNKWITZ |
| New York State Attorney General | MICHAEL G. McCARTIN |
| The Capitol | Assistant Attorney Generals |
| Albany, NY 12224 | |

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

    Plaintiffs Sara Bode Kullman and Jennifer Snyder commenced this action against the State of New York and multiple state employees,

alleging violations of statutory and constitutional rights resulting from gender discrimination and retaliation. (Compl. ¶¶ 36-58, Dkt. No. 1.) The parties and causes of action were narrowed by multiple motions for summary judgment, and Kullman and Snyder's remaining claims—hostile work environment and retaliation—proceeded to a jury tiral. (Dkt. Nos. 191, 257.) Following a jury verdict in its favor, the State filed a bill of costs, seeking to recover $15,092.13. (Dkt. No. 258.) Pending are Kullman and Snyder's objections to that bill of costs. (Dkt. No. 259.) For the reasons that follow, Kullman and Snyder's objections are denied.

## II. Legal Standard

Fed. R. Civ. P. 54(d)(1) authorizes the recovery of costs by a prevailing party "[u]nless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise." Recoverable costs are limited to those enumerated in 28 U.S.C. § 1920, including "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case; . . . [f]ees and disbursements for printing and witnesses;" and "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." *Whitfield v. Scully*, 241 F.3d 264, 269-70 (2d Cir. 2001) (citing *Crawford Fitting Co. v.*

*J.T.Gibbons, Inc.*, 482 U.S. 437, 441 (1987)).[1]  "[B]ecause Rule 54(d) allows costs 'as of course,' such an award against the losing party is the normal rule obtaining in civil litigation," thereby placing on the losing party the "burden to show that costs should not be imposed." *Whitfield*, 241 F.3d at 270 (quoting *Mercy v. Cnty. of Suffolk*, 748 F.2d 52, 54 (2d Cir. 1984)).  Where a bill of costs is challenged, the reviewing district court exercises discretion and "decide[s] the cost question [it]self." *Whitfield*, 241 F.3d at 269 (internal quotation marks and citation omitted).

### III.  Discussion

A.  Joint Costs

Kullman and Snyder contend first that the State is improperly seeking costs incurred on behalf of defendants Rinaldi, Walsh and Scherry, each of whom settled with plaintiffs prior to trial.  (Dkt. No. 259, Attach. 3 at 2-3.) Because Rinaldi, Walsh and Scherry signed settlement agreements in which each waived his right to seek costs, Kullman and Snyder argue that any amount awarded to the State should be subject to a pro rata reduction.

---

[1] While Title VII of the Civil Rights Act of 1964 provides for recovery of costs related to attorney's fees beyond those taxable under 28 U.S.C. § 1920, *see Dotson v. City of Syracuse*, No. 5:04-CV-1388, 2011 WL 817499, at *32-33 (N.D.N.Y. Mar. 2, 2011), the State limits its request to expenses enumerated in section 1920.

3

(*Id*.)  This argument fails to appreciate that the State requests only costs which it incurred on its own behalf.

Where multiple parties incur common costs, and one party waives its right to recoup such costs in a settlement agreement, the other parties are "entitled only to their proportionate share of allowable expenses incurred on behalf of all [parties] plus any items incurred specially on behalf of [themselves].  That the same total costs incurred for all probably would have been incurred if only one [party] had gone to trial . . . [is] irrelevant." *In re Air Crash Disaster at JFK Int'l Airport on June 24, 1975*, 687 F.2d 626, 630 (2d Cir. 1982).

The State's request for $13,534.30 for deposition costs reflects a reduction in the amount paid to provide copies to counsel for Rinaldi, Walsh and Scherry.  (Dkt. No. 261, Attach. 2 ¶ 11.)  In other words, the State seeks to recoup only the deposition costs that it incurred on its own behalf.  Similarly, the State's $883.00 appeal for printing costs omits expenses borne on behalf of the settling defendants.  (Dkt. No. 261, Attach. 2 ¶ 4.)  Furthermore, as Rinaldi, Walsh and Scherry settled well before trial, the $640.83 request by the State for witness costs was clearly incurred only for the benefit of the State.  Accordingly, because the State

4

requests only its proportionate share of the joint costs, no reduction is warranted.[2]

## B.     Printing and Witness Costs

Next, Kullman and Snyder ask the court to deny the State's request for $883.00 in printing costs for lack of documentation and specificity. (Dkt. No. 259, Attach. 3 at 4-5.)   Section 1920 permits taxation for "[f]ees and disbursements for printing," as well as "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(3)-(4).  The documentation provided by the prevailing party "delineating copying expenses must simply be the 'best breakdown obtainable from retained records.'" *McGuigan v. CAE Link Corp.,* 155 F.R.D. 31, 36 (N.D.N.Y. 1994) (quoting *Northbrook Excess & Surplus Ins. Co., v. Proctor & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991)).  While the State does not provide a detailed explanation of its copying costs, Assistant Attorney General

---

[2] The State suggests further that any reduction in costs would be improper because Rinaldi, Walsh and Scherry failed to follow the settlement protocol articulated in N.Y. Pub. Off. Law § 17(3)(a)-(b), resulting in the State's inability to review and approve the settlement agreements.  (*See* Dkt. No. 261, Attach. 2 ¶ 7-8.)  Because the State seeks only its proportionate share of the joint costs, however, the court need not address the question of whether such a procedural failure by independent counsel excuses the State from the provisions of an unapproved settlement agreement to the detriment of the opposing party.

Munkwitz states in her affirmation that the expenses resulted from the copying of 3,532 Bates-stamped pages which were provided to Kullman and Snyder during discovery, and did not include any costs incurred on behalf of Rinaldi, Walsh and Scherry. (Dkt. No. 261, Attach. 2 ¶ 4.) In light of the document-intensive nature of the instant case, the copying costs appear reasonable and will be taxed.

**C.** **Witness Expenses**

Kullman and Snyder seek invalidation of the State's request for hotel and subsistence expenditures for Paul Rinaldi on the unsupported theory that such witness costs are unrecoverable. (Dkt. No. 259 ¶ 7.) In fact, "reasonable travel expenses for witnesses are taxable as costs pursuant to 28 U.S.C. §[§] 1920" and 1821. *Hogan v. Gen. Elec. Co.*, 144 F. Supp. 2d 138, 143 (N.D.N.Y. 2001). Section 1821 provides generally that "[a]ll normal travel expenses within and outside the judicial district shall be taxable as costs pursuant to section 1920," and specifically that "[a] subsistence allowance shall be paid to a witness when an overnight stay is required." 28 U.S.C. § 1821(c)(4), (d)(1)-(2). These costs are limited to the amount "prescribed by the Administrator [of General Services]." *Id.* § 1821(d)(3).

Rinaldi, a resident of Gettysburg, PA, traveled approximately 350 miles to Albany, NY. (Dkt. No. 261.) The State seeks reimbursement, as relevant, for $104 in hotel costs and $61 in subsistence allowance. (Dkt. No. 258 at 3.) Both amounts fall within the permissible allowance prescribed by the Administrator of General Services, and are eminently reasonable. Kullman and Snyder's objection to the State's request for hotel and subsistence costs is therefore denied.

D.   **Financial Disparity**

Finally, Kullman and Snyder aver that the value of sexual harassment litigation, coupled with the wealth disparity between the parties, militates against taxation of the State's full bill of costs.[3] (Dkt. No. 259, Attach. 3 at 5.) While "costs may be denied because of . . . the public importance of the case, the difficulty of the issues, or the losing party's limited financial

---

[3] In support of this argument, plaintiffs' counsel cited post-trial comments made by jurors to the effect that the verdict "should not be considered a vindication for the DEC given the unpleasant working environment experienced by the Plaintiffs." (Dkt. No. 259 ¶ 2.) Counsel's attempt to sway the court through the invocation of post-trial juror statements dances far too close to the bounds of proper advocacy. *See* Fed. R. Evid. 606; *see also* 3 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* § 606.06[1] (Joseph M. McLaughlin, ed., Matthew Bender 2d ed. 1997) ("[F]ederal courts are notoriously reluctant to permit . . . informal post-verdict interviews with . . . discharged jurors. This approach seeks to (1) protect jurors from annoyance and embarrassment, (2) preserve jurors' freedom of deliberation, and (3) enhance the stability and finality of verdicts."). While the court granted permission to speak to jurors, this sort of advocacy is an abuse of that privilege which the court will consider should a future request arise.

7

resources," recovery of costs by the prevailing party "is the normal rule obtaining in civil litigation, not an exception." *Whitfield,* 241 F.3d at 270. No exceptional circumstances exist in the instant case which compel the court to depart from the standard rule of allowing the prevailing party to collect the expenses to which it is entitled.

## IV.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Kullman and Snyder's objections to the State's bill of costs (Dkt. No. 259) are **DENIED**; and it is further

**ORDERED** that the State is awarded costs in the amount of $15,092.13; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

April 10, 2012
Albany, New York

_____
Gary L. Sharpe
Chief Judge
U.S. District Court